70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard L. SCHWARTZ, M.D.; Canton Vascular Institute, Inc.,
Plaintiffs-Appellants,
v.
AULTMAN HEALTH SERVICES ASSOCIATION d/b/a Aultman Hospital;
Richard Pryce; George W. Kmetz; Arnold Rosenblatt;
Theodore V. Boyd; Lawrence Hoover; Alan R. Kamen; Carl M.
Curtiss; Peter Lee; Franklin Griff; Milan Dopirak;
Terrence E. Tegtmeier; Adnan Zaidi; Joseph M. Surmitis,
Defendants-Appellees.
 No. 94-3967.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1995.
 
 Before: WELLFORD, NELSON and SUHRHEINRICH, Circuit Judges.
 SUHRHEINRICH, Circuit Judge.
 
 
 1
 Plaintiffs Richard L. Schwartz, M.D. ("Schwartz") and Canton Vascular Institute, Inc., appeal the district court's grant of summary judgment to defendants in this action alleging violations of the Sherman Antitrust Act, as amended, 15 U.S.C. Secs. 1 and 2. Defendants are Aultman Health Services Association ("Aultman"), various Aultman officials, and eight cardiologists. We AFFIRM.
 
 I.
 
 2
 Plaintiff Schwartz is a cardiothoracic surgeon in Canton, Ohio. In 1982, after completion of his residency, Schwartz worked with Dr. Philip Rice at the Canton Heart Institute ("CHI"). Schwartz later became Rice's partner at CHI, and had hospital privileges at Aultman. Schwartz failed the thoracic surgery board examination on three occasions, making him ineligible to retake the exam without additional training.
 
 
 3
 In 1990, Schwartz ceased performing cardiac surgery, and Canton cardiologists began referring patients to the Cleveland Clinic. One Cleveland surgeon receiving these referrals was Dr. Roberto Novoa, a nondefendant. In 1991, Schwartz informed referring physicians that he was resuming cardiac surgery. Upon hearing of Schwartz's notification, Dr. George Kmetz, chairman of Aultman's Department of Surgery, informed Schwartz that his hospital privileges were to be "held in abeyance" pending review of Schwartz' current competence. Kmetz later informed Schwartz that to regain full privileges he would have to complete five days of training with a board certified cardiac surgeon, followed by a review of his open heart cases for ninety days.
 
 
 4
 Schwartz performed his training, and temporary privileges were granted in May 1992. At this time, Schwartz was the only cardiac surgeon at Aultman, but cardiologists continued to refer patients to Cleveland surgeons and to others. Dr. Novoa subsequently moved from Cleveland to Canton, and cardiologists continued to refer patients to him instead of Schwartz. Based on these events, Schwartz alleged violation of federal antitrust laws. He alleged that defendants violated Sec. 1 by conspiring to restrain trade, and violated Sec. 2 by monopolizing or attempting to monopolize the relevant market for cardiac surgery. The district court granted summary judgment to all defendants on August 4, 1994.
 
 II.
 
 5
 We review the district court's grant of summary judgment de novo. Hanover Ins. Co. v. American Eng'g Co., 33 F.3d 727, 730 (6th Cir.1994). Summary judgment shall be entered where there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 6
 Section 1 of the Sherman Antitrust Act states that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States ... is declared to be illegal." 15 U.S.C.A. Sec. 1 (West 1973). To establish a Sec. 1 violation, a plaintiff must first show a conspiracy or agreement between at least two legally distinct economic entities, then demonstrate that the agreement constituted an unreasonable restraint of trade either per se or under the rule of reason. Capital Imaging Assocs. v. Mohawk Valley Medical Assocs., 996 F.2d 537, 542 (2d Cir.), cert. denied, 114 S.Ct. 388 (1993).
 
 
 7
 In the instant case, Schwartz offers no direct evidence of conspiracy among defendants. He points only to the fact that cardiologists have stopped referring patients to him for surgery. Nor is there any circumstantial evidence pointing to a conspiracy in restraint of trade by defendants. None of the defendants competed with Schwartz for cardiac surgery cases. Aultman lost revenue when patients were sent to Cleveland surgeons. The cardiologists received no referral fee and thus had no reason to prefer one over another. Plaintiffs' reliance on Summit Health, Ltd. v. Pinhas, 500 U.S. 322 (1991), is misplaced. Although factually similar to the case before us, the issue in Pinhas was whether the interstate commerce jurisdictional requirement was satisfied. No party in our case disputes antitrust jurisdiction, and Pinhas is not otherwise relevant.
 
 
 8
 Because plaintiffs have not satisfied the conspiracy requirement, we need not address whether any alleged agreement was an unreasonable restraint of trade. Summary judgment is proper when the alleged conspiracy "makes no practical sense." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 597 (1986). We therefore find no error in the grant of summary judgment to all defendants on the Sec. 1 claim.
 
 
 9
 Section 2 of the Sherman Antitrust Act states that "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States ... shall be deemed guilty of a felony...." 15 U.S.C.A. Sec. 2 (West 1973). The offenses of actual monopolization, attempt to monopolize, and conspiracy to monopolize are three distinct offenses. Potters Medical Ctr. v. City Hosp. Ass'n, 800 F.2d 568, 574 (6th Cir.1986). We examine each possible offense.
 
 
 10
 Schwartz's conspiracy to monopolize claim fails for the same reasons his Sec. 1 claim fails. Schwartz did not present any evidence of a conspiracy. Because no proof of concerted action exists, Schwartz's Sec. 2 conspiracy claim must also fail. Potters Medical Ctr., 800 F.2d at 574.
 
 
 11
 Schwartz's attempted monopolization claim also fails. Attempted monopolization occurs when a competitor, with a "dangerous probability of success," engages in anticompetitive conduct with specific intent to build a monopoly or destroy competition. Id. We agree with the district court that defendants are neither competitors of Schwartz nor motivated by incentives which would exhibit an intent to monopolize or destroy competition. Therefore, we conclude that summary judgment was correctly granted on Schwartz's attempt claim.
 
 
 12
 Regarding the claim of actual monopolization, plaintiffs must "establish the relevant product and geographic markets in which they compete with the alleged monopolizers," then show that defendants unfairly attained or maintained monopoly power. Id. Schwartz did not present any data defining the relevant geographic market. Thus, summary judgment was proper on Schwartz's claim of actual monopolization under Sec. 2.
 
 
 13
 Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over plaintiffs' state law claims. Where a district court dismisses federal claims before trial on a motion for summary judgment, pendent state claims are ordinarily dismissed as well. Williams v. City of River Rouge, 909 F.2d 151, 157 (6th Cir.1990.) We find no abuse of discretion in the district court's decision to do so here.
 
 III.
 
 14
 For the foregoing reasons, the district court's grant of summary judgment to defendants on all claims is AFFIRMED.